UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Dean Dwyer, Sr., | ) | **C/A No. 3:11-2008-JFA-JRM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Judge George M. McFaddin, Jr., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Background of this Case*

Plaintiff is a resident of Sumter, South Carolina. Defendant is a Family Court Judge for the Third Judicial Circuit of South Carolina. The South Carolina Judicial Department website (http://www.judicial.state.sc.us, last visited on Aug. 3, 2011) indicates that Defendant is also the Chief Administrative Family Court Judge for the Third Judicial Circuit. The Complaint submitted by Plaintiff omits the "STATEMENT OF CLAIM" section, but Plaintiff's prayer for relief reveals that this civil action arises out of Plaintiff's domestic relations case, Case No. 2007-DR-43-1473, wherein Plaintiff has been required to pay monies to the Sumter County Clerk of Court:

> I would like all monies, recieved [*sic*] and given to the clerk of court, upon production of all my receipts that, George M/ [*sic*] Jr., had me sign over as a benefit to creditors in case file 2007-DR-43-1473 remibursed [*sic*] in which, said case and accounts payable were signed under the condition that, my constitutional rights, were to be heard with due process of law, prescribed by said assumed officer.

(Complaint [ECF No. 1], at page 4).

The Public Access website of the Sumter County Family Court (http://www.sumtercountysc.org/familycourt, last visited on Aug. 3, 2011) discloses that Plaintiff has been making payments for alimony and child support in Case No. 2007-DR-43-1473 since May 18, 2009. Plaintiff's most recent payment was made on August 3, 2011.[1]

Information disclosed in the pleadings in a case contemporaneously filed by Plaintiff, *Gary D. Dwyer, Sr. v. Attorney General Alan Wilson, et al.*, Civil Action No. 3:11-2012-JFA-JRM,[2] reveals that Judge McFaddin's original oath of office was not formally filed with the Office of the South Carolina Secretary of State when he (Judge McFaddin) took office in 2002. This prompted Judge McFaddin, in 2009 or in early 2010, to ask the Office of the Attorney General of the State of South Carolina for an Attorney General's opinion. On March 19, 2010, the Office of the Attorney General of the State of South Carolina issued an opinion finding that, despite the failure to file the oath with the Secretary of State, Judge McFaddin's orders and judicial actions were still valid:

---

[1]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); and *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).

[2]This Court may take judicial notice of *Dwyer v. Attorney General Alan Wilson, et al.*, Civil Action No. 3:11-2012-JFA-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

2

Office of the Attorney General
State of South Carolina

March 19, 2010

The Honorable George M. McFaddin, Jr.
Family Court Judge
Third Judicial Circuit
108 N. Magnolia Street
Sumter, South Carolina 29150

Dear Judge McFaddin:

You have asked whether the absence of a filed oath of office with the Secretary of State's Office would affect in any way your authority as a Family Court Judge.

The answer is no. This Office has continuously ruled over many years that matters such as oaths do not in any way affect the authority of a public officer such as yourself and that a third party may not raise such lack of authority as any basis to call into question any decision made by an officer. Specifically, an opinion of this Office dated October 26, 1992 stated that "… the law which requires a bond or oath is 'merely directory.' … (Furthermore) … so long as the officer appointed continues to discharge the duties of his office, his official acts as to third persons, are legal." See, Kottman v. Ayer, 3 Strob. 92 (1848) see also State ex rel. McLeod v. Colleton County, 266 S.C. 279, 223 S.E.2d 166 (1975).

Very Truly Yours,

Henry McMaster
Attorney General

By: Charles H. Richardson
Senior Assistant Attorney General

REVIEWED AND APPROVED BY:
Robert D. Cook
Deputy Attorney General

3

*The Honorable George M. McFaddin, Jr.*, 2010 S.C. AG LEXIS 28, 2010 WL 1370090 (S.C.A.G.

March 19, 2010).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* Complaint. The review has been conducted in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v.*

*Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th

Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d

1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).[3]

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by

attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S.

319 (1972). When a federal court is evaluating a *pro se* complaint, a plaintiff's allegations are

assumed to be true. *Erickson v. Pardus*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

4

court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  *See also Ashcroft v. Iqbal*,

___U.S. ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under

Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

      The Family Court for Sumter County is a court in the State of South Carolina's unified

judicial system.  *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial

system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other

courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*,

297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*,

370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446

(1975).  Family Court Judges are judges in the State of South Carolina's unified judicial system.

*In the Matter of Mendenhall*, 316 S.C. 196, 447 S.E.2d 858 (1994).

      Judge McFaddin is immune from suit in the above-captioned civil rights action for his

judicial actions in Plaintiff's domestic relations case.  *See Mireles v. Waco*, 502 U.S. 9 (1991);

*Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.

1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771

F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim

for damages arising out of his judicial actions.").  *See also Siegert v. Gilley*, 500 U.S. 226 (1991)

(immunity presents a threshold question which should be resolved before discovery is even

allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity

from suit rather than a mere defense to liability").

      There is no basis for diversity jurisdiction in this case to consider Plaintiff's claims (if any)

arising under South Carolina law.  The diversity statute, 28 U.S.C. § 1332(a), requires complete

diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  Complete diversity of parties is absent in this case because both Plaintiff and Defendant are citizens of South Carolina.  *See* 28 U.S.C. 1332.

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process.  *See* 28 U.S.C. § 1915.  Plaintiff's attention is directed to the important Notice on the next page.

August 17, 2011                    Joseph R. McCrorey
Columbia, South Carolina           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).